UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOUIS P. FROMER,

        Plaintiff,

   v.                                         CAUSE NO. 3:21-CV-513 DRL-MGG

GEORGE PAYNE *et al.*,

        Defendants.

OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a complaint about an alleged bed bug infestation in his cell at the Indiana State Prison. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Fromer alleges that on July 3, 2019, he was placed in D-cell house 423. ECF 2 at 3. Among his many complaints about the cell's condition is the allegation that it was infested with bed bugs. *Id.* at 2. On July 17, 2019, Pest Control Officer Kochvar came but refused to spray. *Id.* at 4. She told him that he needed to put all his legal paperwork in garbage bags before she would spray. *Id.* However, Mr. Fromer alleges she refused to give him the bags he needed, though custody staff told him that he should get them from

her. *Id.* Mr. Fromer says he continued to suffer bites while he waited for her to spray. *Id.* at 5. Officer Kochvar returned to his cell on July 22, 2019, and still did not spray. *Id.* Instead, he alleges that she exchanged his mattress for a new one, but did not otherwise address the remaining infestation. *Id.* He endured these conditions until he moved to a different cell house on August 23, 2019. *Id.* at 8.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Prolonged exposure to infestations by rodents or insects can amount to an Eighth Amendment violation. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Mr. Fromer states a claim against Officer Kochvar for deliberate indifference to the bed bug infestation from July 17 through August 23, 2019.

Mr. Fromer also alleges that Officer Kochvar refused to spray his cell in retaliation for grievances he had filed against her in the past. To state a claim for retaliation, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Here, the alleged act of retaliation—refusing to spray—is the same act underlying the Eighth Amendment claim. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the

3

most "explicit textual source of constitutional protection"). Here, the most explicit constitutional provision is the Eighth Amendment. Mr. Fromer would gain nothing by proceeding on a duplicate retaliation claim, so this claim will be dismissed.

Mr. Fromer also complains about the medical care he received for the bed bug bites. He alleges that he submitted two healthcare requests on July 21, 2019, one concerning the bites themselves and another asking to see mental health about issues stemming from the infestation. ECF 2 at 5. On July 23, 2019, he received triple antibiotic ointment and hydrocortisone cream from a nurse, yet he continued getting more bites which made his face swell and burn. *Id.* at 5-6. He was not seen for the bites again until August 6, 2019. *Id.* at 6. At that visit, he alleges Nurse Fey (named as Faye Wenzel in the caption) refused to treat him. *Id.* at 6-7. He continued submitting healthcare requests about bad infections from the bites. *Id.* at 7. He saw Nurse Fey again on August 14, 2019, and he says she again refused to do anything to help him. *Id.* He now alleges he has several permanent scars from infected bites. *Id.*

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the

4

defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board*, 394 F.3d at 478 (internal quotation marks, brackets, and citations omitted). For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Mr. Fromer the inferences to which he is entitled at this stage, he states a claim against Nurse Fey for failing to treat his infected bed bug bites on August 6 and August 14, 2019.

Mr. Fromer does not state a claim against the remaining defendants. He alleges that Assistant Warden Payne should be held responsible for the ongoing bed bug infestation because he wrote the assistant warden grievances on July 22 and July 26, 2019, detailing the problem. This does not plausibly allege the personal responsibility needed for liability under 42 U.S.C. § 1983. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There is no general respondeat superior liability under § 1983, which means that an individual cannot be held liable simply because employees who report to him violate a person's constitutional rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order

5

to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better [prison conditions]. That can't be right." *Id.* Moreover, inmates have no constitutional right to a grievance process, so the mishandling of grievances does not state a claim. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016) (no constitutional right to a grievance process); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("[T]he alleged mishandling of [prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Mr. Fromer has not plausibly alleged that Warden Payne can be held responsible for Officer Kochvar's failure to spray for bed bugs.

Mr. Fromer also seeks to hold Correctional Officer Moore liable for a denial of medical care. He alleges that Officer Moore taunted him with the possibility of going to medical. ECF 2 at 6. On three occasions (July 30, August 1, and August 2, 2019), Officer Moore asked if he wanted to go to sick call, but then did not then take him once he was dressed and ready to go. *Id.* The third time, another correctional officer overheard and made Officer Moore escort Mr. Fromer to mental health. *Id.* Although correctional officers may not ignore an inmate's serious medical needs, *Board*, 394 F.3d at 478, nothing in the complaint suggests that Mr. Fromer's medical needs needed immediate care or that Officer Moore caused him to miss a scheduled appointment. The verbal taunting alone does not constitute an Eighth Amendment violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) ("Standing alone, simple verbal harassment does not constitute cruel and

6

unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

As to Health and Safety Officer Boyan, the complaint alleges that he photographed the bed bugs in the cell and took the jar of bed bugs Mr. Fromer had collected. ECF 2 at 5. But the complaint does not allege any responsibility on his part to remedy the problem, or that he had any authority over Pest Control Officer Kochvar. "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks . . .." *Burks*, 555 F.3d at 595. Similarly, Officer Anderson is mentioned just once in the complaint. Mr. Fromer alleges that on July 18, 2019, Officer Anderson told him that Officer Kochvar would be by to spray his cell, but she never came. ECF 2 at 4. Officer Anderson cannot be held liable for Officer Kochvar's actions. Therefore, Officer Boyan and Officer Anderson must be dismissed.

For these reasons, the court:

(1) GRANTS Louis P. Fromer leave to proceed against Pest Control Officer Kochvar in her individual capacity for compensatory and punitive damages for deliberate indifference to the bed bug infestation in his cell from July 17 through August 23, 2019, in violation of the Eighth Amendment;

(2) GRANTS Louis P. Fromer leave to proceed against Nurse Faye Wenzel in her individual capacity for compensatory and punitive damages for failing to treat his bed bug bites on August 6, 2019, and August 14, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES George Payne, Derek Boyan, Moore, and Anderson;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Pest Control Officer Kochvar at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2), under 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Faye Wenzel at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), under 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Pest Control Officer Kochvar and Nurse Faye Wenzel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 12, 2021 　　　　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court